## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

|  |  |  |
|---|---|---|
| **FIFTH THIRD BANK, NATIONAL ASSOCIATION** | : | CASE NO.  2:24-cv-151 |
|  | : |  |
|  | : | HON. HALA Y. JARBOU |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| **BESSE FOREST PRODUCTS, INC.,** *et al.* | : |  |
|  | : |  |
|  | : |  |
| Defendants. | : |  |

### AGREED ORDER APPOINTING RECEIVER

This cause came to be heard upon the Emergency Motion of Plaintiff Fifth Third Bank, National Association ("Plaintiff"), for the consensual appointment of a receiver pursuant to Federal Rule of Civil Procedure 66 (the "Motion") for the assets, business, and operations of Defendants Besse Forest Products, Inc., a Michigan corporation, BFP Management, Inc., a Michigan corporation, Wisconsin Veneer and Plywood, Inc., a Wisconsin corporation, Northern Michigan Veneers, Inc., a Michigan corporation, and Besse Wood Products, Inc., a Wisconsin corporation (collectively, the "Defendants"), as described more specifically herein.

The Court, having considered the Motion, the Brief in Support of the Motion, the Declaration of William Stapel in Support of the Motion ("Stapel Declaration"), the Complaint, all documents attached to the foregoing, and all other documents and submissions in support of the Motion, and opposition thereto, if any, finds that good cause exists for the appointment of a receiver pursuant to the terms of the loan documents between the parties and applicable federal law.

34104357.4

Exhibit B - 2

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and the parties hereto are of diverse citizenship. Proper and adequate notice of the Motion was given to the Defendants.  This Court has ancillary jurisdiction of the request to appoint a receiver because such relief is substantially related to the claims of Plaintiff set forth in the Complaint and Motion.  Based on the Motion and Complaint and the  facts  in  support thereof, and other facts of which the Court may take judicial notice, and pursuant to Federal Rule of Civil Procedure 66, the Court finds, solely for purposes of ruling on the Motion and without prejudice to any challenge by the Defendants to any allegation contained in the Complaint, that there is no just reason for delay as to the Motion and finds it to be well taken and, therefore, grants the same.  The Court further finds that:

A.      Defendants own and operate lumber yards, sawmills and manufacturing facilities operating under the name Besse Forest Products Group.

B.       The Defendants are leading manufacturers of high quality Northern hardwood veneer, lumber, and specialty plywood for cabinets, doors, flooring, furniture, industrial pallets, millwork, musical instruments, railroad ties, sporting goods, wall panels, windows, and other wood products used worldwide. The Defendants' manufacturing operations include four veneer mills, four sawmills, one lumber drying concentration yard, and two plywood operations.

C.      As set forth more fully in the Stapel Declaration, Defendants are indebted to Plaintiff in connection with the Loans (as defined in the Stapel Declaration) in amounts that Plaintiff shall be required to prove in support of their requests for money judgments in the Complaint;

D.      As security for the Loans, Plaintiff has been granted liens and security interests in the following property by the Defendants (collectively, the "Collateral"):

34104357.4

Exhibit B - 3

    (i)     Defendants' accounts, receivables, equipment, fixtures, general intangibles, inventory, goods, personal property, investment property, intellectual property, Mortgaged Property, (as defined in the Credit Agreement), contract rights, payment rights and the proceeds and products of the foregoing;

    (ii)    Defendants' real estate located at:

        (a) 38 E Messenger St, Rice Lake, WI 54868;
        (b) 200 C Ave, Goodman, WI 54125;
        (c) 610 Railroad Street, Mattoon, WI 54450;
        (d) 401 Gustafson Road, Ladysmith, WI 54848; and
        (e) 710 Rains Drive, Gladstone, MI 49837.

        <u>Leasehold Interests</u>:
        (f) 16522 Westland Dr., Baraga, MI 49908.

described more specifically in the Stapel Declaration (the "<u>Real Estate Collateral</u>");

    (iii)    All rents, issues and profits from the Real Estate Collateral;

    (iv)    Any other assets owned by Defendants that constitute Collateral under the Loan Documents and/or applicable law not described in (i), (ii) and (iii) above.

    E.    Defendants have not complied with all of their obligations under the Loan Documents, as defined in the Stapel Declaration, and as a result, Events of Default have occurred and are continuing thereunder.

    NOW, therefore, it is ORDERED, ADJUDGED, and DECREED that the Motion is GRANTED as follows:

    1.    Effective as of the date of entry of this Order (the "<u>Effective Date</u>"), Timothy Turek, Senior Managing Director at Aurora Management Partners, is appointed as Receiver (the "<u>Receiver</u>") for a period commencing on the date of entry of this Order and ending upon termination of such appointment by further Order of Court, is hereby confirmed. The Receiver is appointed for the purpose of managing, protecting, preserving, operating and selling some or all of the Defendants' Assets (as defined below) for the benefit and protection of Plaintiff, the

Defendants and the Defendants' other creditors and stakeholders and the Receiver is hereby granted and vested the powers identified in this Order or subsequent Orders of this Court including all powers reasonably incidental thereto.  The Receiver's responsibilities include oversight of all aspects of the management, assets, and operation of the Defendants' businesses as well as the decision on whether to sell any or all of the Defendants' Assets.  For the avoidance of doubt, this receivership is over each of the Defendants as a business entity, the Defendants' Assets, and any other Collateral owned by any Defendant or the Defendants that is used in or in connection with the Defendants' operations and business and pledged to Plaintiff as security for the Loans.

2.     The Receiver is appointed for each Defendant, its businesses, properties and assets, real, personal and mixed, of whatever kind and description, and wheresoever situated, including all the buildings, plants, lands, tenements, herediments, and real property (owned and/or leased) (the "Real Property"), and each Defendant's personal property – tangible and intangible, business, shares of stock in other companies, rights, assets, and effects of whatsoever nature and kind and wheresoever the same may be situated, all their machinery, tools, merchandise, bills and accounts receivable, cash on hand and in banks, and all of their contracts, rights, and all insurance policies (including without limitation property, liability, errors and omissions, directors and officers liability, crime, theft, and other policies of insurance, hereafter "Claim Policies"), claims, choses in action, (including without limitation all claims, rights, and coverage available under any applicable insurance policy, indemnity agreement, insured contract, fidelity bond, or similar arrangement to pay, reimburse, or defend any loss, direct loss, damages, punitive damages, defense costs, investigative costs, liability, or similar sums), intangibles, licenses, patents, trademarks and names, copyrights, corporate franchises, and its income and profits, books of accounts, records and other books, papers and accounts, deeds, leases, contracts, muniments of title, and all interests,

4

Exhibit B - 5

easements, privileges, rights and assets of every kind (collectively the "Business Assets," and together with the Real Property, the "Defendants' Assets").

3.      The Receiver shall serve without bond, provided that the Receiver will well and truly perform his duties and shall abide by and perform all of the things which he shall be required to do under this Order.

4.      The Receiver shall have all authority and power of a receiver under 28 U.S.C. §§ 754, 959, and 1692, Rule 66 of the Federal; Civil Rules of Procedure, and as otherwise ordered by this Court.

5.      The Receiver is appointed hereunder for the benefit and protection of the rights and interests of Plaintiff, the Defendants and the Defendants' other creditors and stakeholders.

6.      The Receiver will be compensated as set forth more fully on the attached **Exhibit A**. The Receiver shall be reimbursed for reasonable expenses incurred in the performance of the Receiver's duties. The Receiver and those employed by the Receiver will furnish Plaintiff and the Defendants with copies of their invoices for services rendered and expenses incurred on a monthly basis. The Receiver's reasonable and necessary fees and expenses, including Receiver's attorneys', accountants', and other professionals' fees, shall be paid out of the Defendants' Assets, or if the Defendants' Assets are not sufficient to pay such amounts, then Plaintiff shall pay them, subject to a Budget (as defined below) to be agreed to by Plaintiff and Receiver, conditioned upon Plaintiff's right in the event of any dispute to request the Court's determination of the amount to be paid.

7.      The Receiver shall have all necessary powers to manage and operate the Defendants' Assets including, without limitation, the following powers and responsibilities, without further Court order:

5

34104357.4

Exhibit B - 6

a. To take possession of the Defendants' Assets and all personalty related thereto, including without limitation, all related books, records, bank accounts, keys, combinations for locks, passwords or other access information, or which relate in any manner to the management or operation of all or any portion of the Defendants' Assets;

b. To direct Defendants, officers, agents, employees or other representatives immediately to turn over and deliver or cause to be delivered to the Receiver or his designee all personalty which (i) is owned by any of the Defendants, and (ii) regardless of the identity of the owner, relates in any manner to the management or operation of the Defendants' Assets including, without limitation, all keys, combinations for locks, passwords or other access codes, books, records, accounts, operating statements, reserve accounts and the like pertaining to the operation of the Defendants' Assets;

c. To negotiate all bills, drafts, loan documents (with Plaintiff or others), notes or other instruments in the name of any Defendant and/or the Defendants;

d. To execute agreements, as necessary, with terms which are reasonable and customary for the type of use involved for the benefit of the Defendants' Assets, and such agreements shall have the same effect as if executed by such Defendants;

e. To take such steps with respect to the outstanding accounts payable and the status of operation of the Defendants' Assets in order to maintain, preserve, and protect the Defendants' Assets including, without limitation, to discern the status of the outstanding accounts payable and to settle any such accounts that

6

the Receiver or his designee deems necessary, subject to the Budget, and the power to demand, collect and receive from all present and future account debtors, all sums now due and unpaid or which hereafter shall become due with respect to or arising out of the Defendants' Assets during the pendency of the receivership authorized hereby including all accounts receivable, insurance claim proceeds, real estate tax refunds, and other income from, or claims due to the Defendants from any time period;

f.   With the prior written consent of Plaintiff or Court order, to employ such counsel, accountants or other professionals, as may be necessary in order to carry out his duties as Receiver and to preserve, operate, maintain and liquidate the Defendants' Assets;

g.   To conduct discovery, provide notice, pursue claims, cooperate, negotiate, and otherwise take all steps necessary to recover or obtain coverage from any entity relating to (1) the acts, conduct, property, liabilities, or financial condition of the Defendants, (2) the Claim Policies, or (3) any other matter or item that may affect the Receiver's administration of the Defendants' Assets;

h.   To commence, prosecute and settle such actions at law or in equity that the Receiver deems necessary to fulfill his duties to preserve the Defendants' Assets;

i.   To terminate, reject or abrogate any or all agreements, contracts, understandings or commitments entered into by the Defendants with respect to the Defendants' Assets, to the extent permitted by applicable law;

7

34104357.4

Exhibit B - 8

j.  To maintain existing or open new accounts with, or negotiate, compromise or otherwise resolve the Defendants' existing obligations to utility companies or other service providers or suppliers of goods and services to the Defendants or to otherwise enter into such agreements, contracts or understandings with such utility companies or other service providers or suppliers as are necessary to maintain, preserve and protect the Defendants' Assets;

k.  With the prior written consent of Plaintiff, to open new bank accounts at Plaintiff with respect to the Receiver or his designee's management of the Defendants' Assets, and with respect to any bank account in the name of any of the Defendants or otherwise maintained by the Defendants  to (i) require said bank to convert the account name to such name as requested by the Receiver; (ii) modify the authorized signors on the account to those persons requested by the Receiver, (iii) delete any signors to the account as requested by the Receiver; and (iv) ensure compliance with other similar requests made by the Receiver, including, without limitation, using any and all Defendants' FEIN while naming the account as a receivership account, provided, however, the Receiver shall continue to deposit all of the Defendants' revenues, monies, and net sale proceeds of the Defendants' Assets into the Defendants' existing accounts at Plaintiff, unless as otherwise agreed to by Plaintiff in writing;

l.  To secure such monies as Plaintiff may be willing to advance, subject to a Budget to be agreed upon by Plaintiff and the Receiver, for the operation, preservation and maintenance of the Defendants' Assets, including current costs of repairs and general maintenance, security, utilities, insurance and other

8

34104357.4

necessary services, with all such monies advanced by Plaintiff following appointment of the Receiver for the preservation and maintenance of the Defendants' Assets, together with interest at the default rate of interest set forth in the Credit Agreement (as defined in the Complaint), shall be repaid in accordance with the terms of the Credit Agreement unless otherwise provided for in this Order;

m. The Receiver and Plaintiff shall reasonably agree on a budget for the receivership within thirty (30) days from the entry of this Order (as may be amended or modified by future order of the Court, the "Budget") which shall govern the Receiver's operations for the first one hundred twenty (120) days of the receivership (unless a different time period is agreed to by the Receiver and Plaintiff). The Receiver shall cause to be paid, on behalf of the Receivership Estate, all necessary fees and expenses, not to exceed the amounts permitted by the Budget and any Variances (as defined below).  To the extent cash flow from the Defendants' Assets is insufficient to pay such expenses, without further order of this Court, the Receiver is authorized, on behalf of the Receivership Estate, to request funds from Plaintiff pursuant to sections 7(l) and 7(m) of this Order as necessary to pay such amounts.  The Receiver is authorized to issue one or more Receiver's certificates of indebtedness ("Certificates") to evidence such secured debt, and is authorized to execute such other documents as requested by Plaintiff evidencing the advance of such funds by Plaintiff.  The Receiver shall be permitted to exceed the amounts set forth in the Budget to pay categories of expenses listed in the Budget to the extent that such payments

34104357.4

Exhibit B - 10

would not cause the aggregate expenditures to exceed either (the following constituting "Variances") (x) 110% of the total budgeted expenses for that same period or (y) 110% of the amount budgeted for that same line item for that same period (each comparison period, a "Measuring Period").  To the extent cash flow and/or sale proceeds from the Defendants' Assets is sufficient to pay the expenses under the Budget and excess cash remains in the Receivership Estate, without further order of this Court, the Receiver is authorized and directed, on behalf of the Receivership Estate, to pay Plaintiff ninety percent (90%) of such excess cash each week to be applied by Plaintiff to reduce the Defendants' obligations to Plaintiff under the Credit Agreement.  Following the entry of this Order, the Receiver shall deliver to Plaintiff on Tuesday of each week, a budget-to-actual report comparing actual receipts and disbursements to the amounts budgeted in the preceding week. The Receiver shall provide at least 48 hours' notice to Plaintiff prior to spending more than $50,000.00 during any Budget period for items outside of the ordinary course of business.

n.  To utilize any and all of the existing sales, use, environmental or regulatory operating licenses or permits, or any other licenses or permits relating to the Defendants;

o.  To transfer and cause to be filed this Order, the Complaint, and any judgment entered in connection with this case to any district in which the Defendants' Assets may be located pursuant to 28 U.S.C. § 754 and applicable law to fulfill his duties under this Order; and

10

p.   To apply to this Court for further direction and for such further powers as may be necessary to enable the Receiver to fulfill his duties.

8.      All such monies advanced by Plaintiff under section 7 of this Order shall be secured by and under the Plaintiff's Loan Documents (as defined in the Complaint) and this Order of Court, by which Plaintiff is and will continue to be secured by the Collateral and the Defendants' Assets, including but not limited to real property, accounts, cash, chattel paper, collections, contracts, copyrights, documents, equipment, railcars, rolling stock, fixtures, general intangibles, instruments, inventory, investment property, patents, proceeds, remittances, secured obligations, trademarks, trade secrets, insurance proceeds and commercial tort claims whether such Defendants' Assets come into existence before, during or after the receivership. The obligations under each Certificate shall also be a super-priority administrative claim against the Receivership Estate superior to any and all other claims against the Receivership Estates, other than the fees and expenses of the Receiver and his retained professionals which are allowed by this Court pursuant to a final order.

9.      The Receiver is hereby vested with the exclusive standing and all power and authority of, but without the obligation to act as:  (a) the board of directors of the Defendants and (b) the sole officer of each Defendant in his capacity and relationship as "employer," as the Receiver deems necessary for the operation and management of the Defendants' Assets.  The Receiver's powers and authority hereunder includes, without limitation, the power and authority to (i) assert or waive attorney/client, work product, joint defense or other privilege of the Defendants, (ii) execute documents, instruments and resolutions in connection with sale or finance transaction involving the Defendants' Assets, (iii) have and obtain access to Defendants' employee records, reports, communications and other work product, and (iv) commence a case under Title

11

34104357.4

Exhibit B - 12

11 of the United States Code (in such event the Receiver shall become, and shall be empowered to operate, each of the Defendants as a debtor in possession under Title 11 of the United States Code to the exclusion of any other person or entity, and without leave or further order of this Court).  The Receiver may apply to this Court for further direction and for such further powers as may be necessary to enable the Receiver to fulfill his duties.

10.    At Receiver's option and discretion, with the prior written consent of the Plaintiff and without further order of the Court, the Receiver may engage a broker, auctioneer, and/or liquidator (collectively, "Broker") to market some or all of the Defendants' Assets for sale.   The Receiver, with the prior written consent of the Plaintiff, may enter into one or more transactions for the sale of some or all of the Defendants' Assets in connection with the marketing and sale of the Defendants' Assets:

    (a)    The Receiver is authorized and directed to cause the Defendants' Assets to be listed for sale at any price the Receiver determines, in the exercise of his business judgment, to be an appropriate list price.

    (b)    The Receiver is authorized and directed to assist in marketing the Defendants' Assets for sale.  The Receiver shall prepare marketing and sale reports not less than weekly which shall be provided to Plaintiff and the Defendants.

    (c)    The Receiver is authorized and directed to negotiate proposed sale terms with a buyer for some or all of the Defendants' Assets.

    (d)    If the Receiver reaches an agreement with a buyer of the Defendants' Assets and Plaintiff consents to the terms and conditions of such sale, the Receiver shall file a motion with the Court for the approval of such sale in accordance with the requirements of 28 U.S.C.A. §§ 2001 and 2004. Notwithstanding the requirements of 28 U.S.C.A. § 2001(b), the Receiver shall be allowed to sell property through public or private sale(s), upon prior written approval of the Plaintiff, and shall not be restricted by the private sale requirements of 28 U.S.C. § 2001(b).  Such sale shall be free and clear of all liens, claims and encumbrances against the Defendants' Assets, and such liens, claims and encumbrances shall be transferred by operation of law to the proceeds of such sale in the same validity, priority and extent as existed immediately prior to such sale.

12

(e)    Prior to any sale which complies with section 10(d) above, for all or part of the Defendants' Assets, the Receiver shall have provided notice to the Defendants of such sale and the Defendants shall not have filed an objection to the terms of such sale within ten (10) days of receipt of such notice of sale.

(f)    Notwithstanding section 10(d) above, without the prior written consent of the Plaintiff and without further order of the Court, the Receiver may conduct a sale of inventory of the Defendants in the ordinary course of business.

(g)    Notwithstanding section 10(d) above, upon at least five (5) business days prior notice to Plaintiff and without further order of the Court, the Receiver may conduct a sale of any non-inventory Business Assets outside of the ordinary course of business if the purchase price for the non-inventory asset to be sold is less than $25,000.00.

11.    The Receiver is authorized in his discretion to employ, fix and pay the compensation, salaries and wages of all managers, agents, employees, and servants as may be advisable or necessary in his judgment for the operation, management, conduct, control or custody of the affairs of the Defendants.

12.    The Receiver or his designee shall conduct an inspection of the Defendants' Assets and shall perform a complete inventory of the Defendants' Assets coming under his control or possession pursuant to this Order.  Such inspection and inventory shall be conducted with the cooperation of Plaintiff, the Defendants and/or their agents, employees or other representatives and the Receiver or his designee shall file with the Clerk's Office a true and complete inventory of the Defendants' Assets under oath within forty-five (45) days after the date of this Order.  The Receiver or his designee shall keep a true and accurate account of any and all receipts and expenditures and shall, so often as the Court directs, file with the Court such reports as the Court may require.  To the extent that Receiver produces periodic written reports regarding the Defendants, the Defendants' Assets and/or Receiver's services, Receiver will provide copies of such reports to Plaintiff contemporaneously.

34104357.4

Exhibit B - 14

13.     All rents, issues, profits, revenues, income or other payments which are now or hereafter become due (hereinafter collectively, the "Accounts") with respect to all or any portion of the Defendants' Assets whether pursuant to oral or written agreements shall be remitted by the account debtors directly to the Receiver.

14.     The Receiver shall have no personal liability for any environmental liabilities arising out of or relating to Defendants or their business or the Defendants' Assets.

15.     The Receiver shall have no personal liability for any liabilities or claims arising under the Worker Adjustment and Retraining Notification (WARN) Act.

16.     The Receiver shall not be responsible to file any state or federal tax returns for Defendants.  Upon reasonable request, the Receiver shall provide the Defendants or their designee with information in the Receiver's possession that may be necessary for the Defendants or their designee to prepare and file their tax returns.

17.     The Receiver may obtain liability insurance to protect the Receiver, his officers, directors, employees, contractors and agents in carrying out his duties hereunder with a policy limit of not more than $5,000,000.00, and the premium therefore should be paid from the Defendants' Assets.

18.     The Receiver, his agents, employees and counsel are entitled to rely on all outstanding rules of law and Court Orders and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment or decree.  In no event shall the Receiver be liable to anyone for good faith compliance with his duties and responsibilities, nor shall the Receiver, his employees, advisors or professionals be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence or reckless disregard of their duties.

34104357.4

19.     The Receiver shall permit existing insurance coverage for the Defendants' Assets to remain in force until the expiration of the current paid up term under such policy or policies and shall notify the insurance carriers immediately of the appointment of the Receiver hereby and request that the Receiver be added to the insurance policy or policies as an Additional Insured thereunder.  Upon the expiration of the paid up portion of such policy or policies, the Receiver shall have the responsibility for keeping the Defendants' Assets insured and may as an option keep in force the existing insurance coverages or obtain new coverages for the Defendants' Assets, each of which coverages shall name the Receiver as an Additional Insured thereunder.

20.     Defendants, their directors, equity owners, officers, agents, employees or other representatives under this Order are hereby directed to use their best efforts to ensure a smooth transition of the Defendants' Assets to the Receiver or his designee and the Defendants shall cooperate with the Receiver or his designee in consummating such transition.

21.     The Defendants, their directors, equity owners, officers, agents, employees or other representatives are hereby enjoined from interfering in any manner with the Receiver or his management of the Defendants' Assets.  This decretal paragraph 21 shall not be construed to prevent the Defendants from objecting to or filing pleadings with this Court concerning the performance by the Receiver of his duties identified in this Order or to otherwise seek relief from this Court in connection with these Receivership proceedings.

22.     All directors, equity owners, creditors, litigants, landlords and other persons, and all others acting on behalf of any such limited and general partner, equity owner, creditor or other persons, including sheriffs, marshals, other officers, deputies, servants, agents, employees and attorneys are enjoined from:

15

34104357.4

a.  Commencing, prosecuting, continuing or enforcing any suit or proceeding in law, equity, bankruptcy, or otherwise against or affecting any of the Defendants or any part of the Defendants' Assets without first obtaining leave of this Court except that such actions may be filed to toll any statutes of limitations;

b.  Using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any portion of the Defendants' Assets, wherever situated;

c.  Attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate the due date of any lease, loan, mortgage, indebtedness, security agreement or otherwise affecting the Defendants' Assets;

d.  Doing any act to interfere with the taking control, possession, or management, by the Receiver, of any portion of the Defendants' Assets or to interfere in any manner with the exclusive jurisdiction of this Court over the Defendants' Assets;

e.  Engaging in any act to create, perfect, or enforce any lien against Defendants' Assets, unless specifically authorized by order of this Court;

f.  Engaging in any act to collect, assess, or recover a claim against the Defendants that arose before the appointment of the Receiver; and

g.  Exercising a set off of any debt owing to the Defendants that arose before the appointment of the Receiver against any claim against the Defendants.

34104357.4

Exhibit B - 17

23.     All written notices called for under this Order shall be: (a) delivered in person; (b) sent by email; or (c) mailed, postage prepaid, by overnight express carrier, addressed in each case as follows:

| | | |
|---|---|---|
| (i) | To Plaintiff: | Fifth Third Bank, National Association<br>6111 North River Road  \|  GRSM31  \|<br>Rosemont, IL 60018<br>Attention: William Stapel<br>Email: William.Stapel@53.com |
| | With a copy to: | Scott N. Opincar<br>McDonald Hopkins LLC<br>600 Superior Ave, East, Suite 2100<br>Cleveland, Ohio 44114<br>Email: sopincar@mcdonaldhopkins.com |
| (ii) | To Defendants: | Besse Forest Products, Inc.<br>BFP Management, Inc.<br>Wisconsin Veneer and Plywood, Inc.<br>Northern Michigan Veneers, Inc.<br>Besse Wood Products, Inc.<br>933 N. 8th Street<br>Gladstone, Michigan 49837<br>Attention: Dan LaMarche, Chief Financial Officer |
| (iii) | To Receiver: | Timothy Turek<br>Senior Managing Director<br>Aurora Management Partners<br>401 North Michigan Ave., Suite 1620<br>Chicago, Illinois 60611<br>Email: tturek@aurormp.com |
| | With a copy to: | Any legal counsel retained by the Receiver |

All notices shall be deemed received and effective: (i) if delivered in person, upon personal delivery; (ii) if sent by email, on the day sent if a business day and received during business hours, or if such day is not a business day or receipt is outside of business hours, then on the next business day; or (iii) if sent by overnight express carrier, on the next business day immediately following the day sent.

34104357.4

24.     Within twenty (20) days of the date hereof, Receiver shall use his best efforts to identify and serve known creditors with a copy of this Order.  Reasonable means of service shall include, without limitation, U.S. Mail, electronic mail, or facsimile transmission.

25.     Nothing contained in this Order shall preclude Plaintiff from exercising any of its rights and remedies with respect to the Collateral *provided* that Plaintiff shall have first obtained leave of Court to do so.

26.     The clerk of each district court in which property of the receivership estate is located is hereby directed to accept for filing, from counsel to the Receiver, a copy of the Complaint and this Order, as required by 28 U.S.C. § 754, without the need for the Receiver to hire local counsel or be admitted to such court(s) on a pro hac vice basis.

27.     Neither the Receiver nor Plaintiff shall be deemed in any way to be an owner, operator or mortagee-in-possession of any Real Property or any agent of any Defendant, owner, or operator of any Real Property.  Except for claims arising from the Receiver's willful misconduct, gross negligence, or fraud, the Receiver shall have no liability as to any claim, action, or cause of action of any third party who has or would have claims against any Defendant or any officer, director, or shareholder thereof (including any claims under any federal or state environmental laws).

28.     Unless otherwise expressly provided therein, the entry of a judgment on Plaintiff's Complaint shall not operate as a termination of the Receivership.  The Receiver's appointment hereunder shall be terminated automatically upon the filing of a notice of the termination of the receivership by the Plaintiff.  The Receiver shall file his final report within thirty (30) days of such notice.

34104357.4

Exhibit B - 19

29.     This Court shall retain exclusive jurisdiction and supervision of all matters concerning the Receiver, the receivership created hereby, the interpretation and implementation of this Order and the Defendants' Assets.

30.     This is a final judgment on fewer than all of the claims in this proceeding within the meaning of Federal Rule of Civil Procedure 54(b) and may be immediately appealed.   There is no just reason for delay.

Dated this 6th day of __September__, 2024

                                        /s/ Hala Y. Jarbou
                                        HALA Y. JARBOU
                                        CHIEF UNITED STATES DISTRICT JUDGE


Submitted and agreed to by:

MCDONALD HOPKINS PLC

/s/ Mark Steiner
Michael Latiff (P51263)
Mark Steiner (P78817)
39533 Woodward Ave., Suite 318
Bloomfield Hills, MI 48304
Telephone: (248) 220-1359
Email: msteiner@mcdonaldhopkins.com
        mlatiff@mcdonaldhopkins.com

-and-

Scott N. Opincar (0064027)
McDonald Hopkins LLC
600 Superior Avenue, East
Suite 2100
Cleveland, Ohio 44114
Telephone: (216) 348-5400
Email: sopincar@mcdonaldhopkins.com
(Admitted to Practice Before This Court)

*Attorneys for Plaintiff, Fifth Third Bank, National Association*

34104357.4

Exhibit B - 20

*/s/ Robert Haupt*
Robert Haupt (MO 70565) (Admitted to Practice Before This Court)
Bryan Minier (IL ARDC 6275534)
LATHROP GPM LLP
155 N. Wacker Drive, Suite 3800
Chicago, Illinois 60606
Telephone: (312) 920-3328
Email: bryan.minier@lathropgpm.com
        robert.haupt@lathropgpm.com

*Attorney for the Defendants*

34104357.4

Exhibit B - 21

**Exhibit A**

Receiver Compensation

**RECEIVER FEE SCHEDULE**

Timothy Turek, Receiver                                          $690/hr

**AURORA MANAGEMENT PARTNERS, INC.**

**FEE SCHEDULE**

Blake Tillis, Associate Director                                $385/hr

Sophia Levinson, Consultant                                     $275/hr

Director/Managing Director/Sr. Managing Director/Managing Partner        $400 –
$820/hr

Associate Director                                              $360 – $400/hr

Consultant/Senior Consultant                                    $250 - $360/hr

Notes:

1) All time billed in 1/10th of an hour increments.
2) All travel time will be billed at 50% of the applicable rate.
3) All rates subject to annual adjustments

34104357.4

Exhibit B - 22